104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Leonard J. MESSINA, Defendant-Appellant.
 No. 96-1209(L).
 United States Court of Appeals, Second Circuit.
 Nov. 21, 1996.
 
 Appearing for Appellant: David Lenefsky, NY., NY
 Appearing for Appellee: Kari A. Pedersen, Ass't U.S. Att'y, D. Conn., Bridgeport, CT.
 D.Conn.
 AFFIRMED.
 Before KEARSE, WINTER and ALTIMARI, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant Leonard J. Messina appeals from a judgment entered in the United States District Court for the District of Connecticut, following a jury trial before Ellen Bree Burns, Judge, convicting him of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371, bank fraud, in violation of 18 U.S.C. § 1344, and making false statements to a financial institution, in violation of 18 U.S.C. § 1014. He was sentenced principally to a prison term of 12 months and one day, to be followed by a three-year term of supervised release, and was ordered to pay restitution in the amount of $250,000. On appeal, Messina contends principally (1) that the evidence was insufficient to support his convictions, (2) that the court erred in computing loss for purposes of the Sentencing Guidelines ("Guidelines"), and (3) that in ordering restitution the court improperly failed to consider his ability to pay and the needs of his family. Finding no merit in his contentions, we affirm.
 
 
 4
 We reject Messina's challenge to the sufficiency of the evidence. The trial record includes evidence that the loan agreement between AmeriGroup, Inc. ("AmeriGroup"), and Union Trust gave Union Trust a security interest in all of the "contract rights" belonging to AmeriGroup and all of the "proceeds" from the sale of AmeriGroup property; that Messina caused AmeriGroup to sell equipment to First Long Island Investors ("FLII") for $710,000; that Messina concealed that sale from Union Trust; that Messina falsely represented to Union Trust that the property was being sold to Madison Equipment Management Corp. for $400,000; and that after thereby obtaining Union Trust's release of its security interest in the property, Messina completed the sale to FLII for $710,000, paid Union Trust only $400,000, and pocketed the remaining $310,000. Though Messina argues that transaction was not covered by the Union Trust agreement because the sale was made by "AmeriTec Leasing Inc.," a schedule to the agreement makes clear that AmeriTec Leasing Inc. was a name that had been used by AmeriGroup. We conclude that Messina's contention that the evidence was insufficient to show fraud or fraudulent intent is frivolous.
 
 
 5
 Nor do we find merit in Messina's sentencing challenges. Under the Guidelines, "loss is the value of the money, property, or services unlawfully taken." Guidelines § 2F1.1 Application Note 7. Messina's contention that the district court should have calculated Union Trust's loss at less than $310,000 by treating Union Trust as a secured creditor under Guidelines § 2F1.1 was properly rejected because such treatment is afforded only with respect to fraudulent loan applications and fraudulent contract procurement, not with respect to fraudulent impairment of the victim's security interest, see id. Application Note 7(b). Further, Union Trust held no collateral with which to offset the loss of sale proceeds fraudulently withheld by Messina.
 
 
 6
 Messina's contention that the district court failed to consider his ability to pay restitution is not supported by the record. Although in fashioning a restitution order the sentencing court is required to consider, inter alia, the "financial resources of the defendant[ and] the financial needs and earning ability of the defendant and the defendant's dependents," 18 U.S.C. § 3664(a), it is sufficient if the record contains an "affirmative act or statement allowing an inference" that the court in fact considered those factors, United States v. Soto, 47 F.3d 546, 551 (2d Cir.1995); see United States v. Mortimer, 52 F.3d 429, 436 (2d Cir.), cert. denied, 116 S.Ct. 208 (1995). In this case, the district court considered testimony as to the likely effects of its sentence on Messina's family; and the term of supervised release was set at three years in order to "assist in the period of time necessary [for Messina] to make ... restitution" payments. The record thus sufficiently indicates that the court considered the required factors. Further, given the reasonable amount of restitution ordered by the district court and the total four-year period in which Messina is to be permitted to make payments, we reject his argument that his limited financial resources precluded the restitution order. See generally id. ("Even an indigent defendant may be subject to the duty to pay restitution when and if funds are eventually acquired.").
 
 
 7
 We have considered all of Messina's arguments on this appeal and have found them to be without merit.
 
 
 8
 The judgment of conviction is affirmed.